## ALBERT CHALMERS v. L. F. HARRIS.

The defendant, (a merchant) to whom was presented a counterfeit bank bill, in payment for goods, procured from the plaintiff, specie on the bill, for the purpose of making change, without notifying him that the genuineness of the bill had been questioned, or made the subject of inquiry, by the defendant and others, (as was the fact,) and there was no testimony that the plaintiff took it, upon his own judgment: *Held*, that he might recover back from the defendant the amount given in exchange for the bill.

Although the defendant was a member of a mercantile firm, and was acting for them, ·in such transaction, and the jury was instructed, that if it was the understanding of the parties, that the money given by the plaintiff, in change for the bill, was for the use of the firm, they would find for defendant; and there was a verdict for the plaintiff: *Held*, that under the circumstances of the case, the defendant had no right to complain of the charge; and that suit was well brought against the individual partner.

APPEAL from McLennan. Tried below before the Hon. John Gregg.

This action was originally commenced before a justice of the peace, to recover the amount of money given by the appellee, in exchange for a fifty dollar counterfeit bill on the Union Bank of Louisiana, upon an account in these words:

"1857. Albert Chalmers, in account with L. F. Harris. "For money had and received of said Harris,     $50."

It appeared from the statement of facts, that the appellant, Chalmers, was a member of the mercantile firm of C. M. Hubby & Co., at Waco; that at their mercantile establishment, the appellant sold, to a stranger, a pair of boots; that the stranger offered him the fifty dollar bank note in question; that appellant questioned the genuineness of the note, tried in the street to get it changed, examined a counterfeit detector, but found nothing satisfactory; that he showed the note to the appellee, who took it, and gave him the gold for it; that the appellant had showed the note to some other person, who also doubted its genuineness; and that the appellant said nothing of these circumstances to the appellee. The appellant, who was sworn as a witness, stated in his testimony, that while he and another were examining the

note and detector, the appellee asked what they were looking at; the appellant handed him the note, and asked if he could change it; appellee looked at the note, said it was good, and gave appellant the money for it; that the appellee was hard of hearing, and had but one eye; but was a good judge of paper money. The boots sold belonged to Hubby & Co., and the transaction took place in their store house.

The appellee, who was also sworn, admitted in his testimony, that when appellant handed him the bill, in the store of C. M. Hubby & Co., to change, he but partially looked at the bill, and said he thought it was good, and gave the change for it; that he did not know that its genuineness had been questioned, nor did he know from whom appellant got the bill, but supposed he wanted change for some of their customers. That as soon as he found the bill was counterfeit, he notified the appellant, and offered to return it. It was proven by other witnesses, that the appellee was a good judge of paper money.

The court charged the jury that, it being proven that appellant passed the bill, if the jury believed, from the testimony, that the appellee took the bill, with the understanding of both parties, that he took it at his own risk, and upon his own judgment, they should find for the defendant; or, if they believed, from the testimony, that it was understood by both parties, that the transaction, on the part of Chalmers, was for the benefit of the firm of Hubby & Co., they would find for the defendant.

The jury returned a verdict for the plaintiff, (appellee) and a motion for a new trial being overruled, the defendant (appellant) took an appeal to this court.

*McCall* and *Alexander*, for appellant, contended that the facts clearly showed, that the transaction was for the benefit of the firm of Hubby & Co., as evidenced from the facts that Chalmers was a member of the firm, the transaction taking place in the store house of the firm; and that appellee admitted, in his testimony, that he supposed appellant "wanted the change for some of *their* customers." All parties in interest

must be joined, especially partners, and more especially in cases of promises implied by law. (1 Chitty's Pl. 40, 43; Story on Part. 235.) There can be no question but that the firm of Hubby & Co. are liable, and if so, the defendant, Chalmers, is not.

*M. D. Herring*, for appellee. Chalmers, the appellant, perpetrated a fraud on appellee, by not informing him of the facts and suspicions in relation to the bill, of which appellee was ignorant. Although one member of a firm may make a firm liable for his fraudulent acts, committed for the benefit of the firm, yet he is individually liable. (Collier on Part. 1st Am. ed. 252; Story on Part. 271 to 275.) The question of fraud, was for the jury to decide; and when the evidence is conflicting, the verdict will not be disturbed. (Chevaillier v. Denson, 8 Tex. Rep. 439; Menley v. Menley, 9 Id. 60; Sims v. Chance, 7 Id. 561.) When the justice and law of a case has been attained, by verdict and judgment, although errors and irregularities may have occurred in the proceedings, this court will not reverse on that account. (Davis v. Loftin, 6 Tex. Rep. 489; Hardy v. De Leon, 5 Id. 211.)

BELL, J. We are of opinion, that there is no error in the judgment of the court below.

The question of the appellant's liability, because of the transaction, in relation to the bank bill, was fairly presented to the jury. The only question that could be made, was, whether the defendant, being a member of a mercantile firm, was individually liable or not. The jury were instructed that, if it was the understanding of the parties, that the money given by Harris in change for the bill, was for the use of the firm, then they would find for the defendant. The appellant, under the circumstances of this case, has no right to complain of the charge.

The evidence did not show that Harris was put upon his guard, and took the bill on his own judgment as to its genuineness. He was not informed that the genuineness of the bill was

questioned. We think, under the circumstances of the case, that the suit was well brought against the individual partner, and we will not disturb the judgment.

Judgment affirmed.